IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

EDWARD DWAYNE ASHFORD §

VS. § CIVIL ACTION NO. 1:02cv598

UNITED STATES OF AMERICA §

MEMORANDUM OPINION

Plaintiff Edward Dwayne Ashford, proceeding *pro se*, filed this civil action pursuant to the Federal Tort Claims Act ("FTCA") against the United States of America.

Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the undersigned United States Magistrate Judge.

The defendant filed a renewed motion for summary judgment. Plaintiff has had an opportunity to respond to the motion. The matter is now ripe for review.

Factual Background

On August 2, 2001, while he was confined at the medium security prison at the Federal Correctional Complex in Beaumont, plaintiff was placed in administrative segregation pending an investigation into an alleged rule violation. Plaintiff appeared before the Disciplinary Hearing Officer ("DHO") on August 29, 2001. The DHO found plaintiff guilty of a rule violation and recommended that plaintiff receive a disciplinary transfer. As a result of this recommendation, plaintiff was subject to a custody demotion which would require that he be transferred to a high security facility, or penitentiary.

When he learned of the impending transfer, plaintiff was concerned about his safety. Plaintiff alleges he had problems with fellow prisoners from Washington, D.C. while he was confined at the

federal penitentiaries in Terre Haute, Indiana and Leavenworth, Kansas. Plaintiff explained his security concerns to defendant Dobre. Plaintiff alleges defendant Dobre instructed him to contact Defendant Thompson, the Regional Director, and other regional officials.

Plaintiff alleges he wrote each of the officials, outlining his safety concerns, and provided defendant Dobre with courtesy copies of the correspondence. Plaintiff notified the prison officials that inmate Kelvin Smith and other gang members assaulted plaintiff on October 21, 1985 at the Washington, D.C. jail. Plaintiff also explained that, for various reasons, he should not be housed with prisoners from Washington, D.C. Defendant Dobre allegedly assured plaintiff that his safety concerns would be investigated before he was transferred.

Plaintiff alleges he was transferred to the federal penitentiary in Beaumont on November 14, 2001, although prison officials had not investigated his claims. Upon his arrival, Lieutenant Haas interviewed plaintiff in the Receiving and Discharge area. Plaintiff explained his safety concerns and asked if Kelvin Smith was at the penitentiary. Lieutenant Haas responded that Kelvin Smith was not at the penitentiary and told plaintiff to come to the Lieutenant's office if he had any problems.

On November 16, 2001, plaintiff was stabbed by two inmates who claimed Kelvin Smith had ordered them to attack plaintiff. Plaintiff suffered serious injuries as a result of the attack.

## Defendant's Motion for Summary Judgment

The defendant contends it is entitled to summary judgment because the discretionary function exception to the FTCA bars plaintiff's claims arising against the United States relating to the assault.

## Standard of Review

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. PRO. 56(c). A fact is material if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986); *Instone Travel Tech Marine & Offshore v. International Shipping Partners*, 334 F.3d 423, 427 (5th Cir. 2003). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248; *Instone Travel Tech*, 334 F.3d at 427.

The party seeking summary judgment bears the initial burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003).

Because summary judgment is a final adjudication on the merits, courts must employ the device cautiously. *Hulsey v. State of Texas*, 929 F.2d 168, 170 (5th Cir. 1991); *Jackson v. Procunier,* 789 F.2d 307 (5th Cir. 1986). In prisoner *pro se* cases, courts must be careful to "guard against premature truncation of legitimate lawsuits merely because of unskilled presentations." *Jackson v. Cain*, 864 F.2d 1235, 1241 (5th Cir. 1989) (*quoting Murrell v. Bennett,* 615 F.2d 306, 311 (5th Cir. 1980)).

Analysis

The only defendant in a FTCA action is the United States. *Kennedy v. Texas Utilities*, 179 F.3d 258, 261 n.5 (5th Cir. 1999); *Atorie Air, Inc. v. Federal Aviation Administration*, 942 F.2d 954,

957 (5th Cir. 1991). Generally, the United States enjoys sovereign immunity from suit unless it has specifically waived immunity. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994). The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity from suit for those claims regarding "injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2679(b)(1). Courts must strictly construe waivers of the government's sovereign immunity, and must resolve all ambiguities in favor of the sovereign. *Lane v. Pena*, 518 U.S. 187, 192 (1996); *Chapa v. United State Dep't of Justice,* 339 F.3d 388, 390 (5th Cir. 2003).

The FTCA contains several exceptions to the general waiver of immunity. Germane to this case is the exception set forth in 28 U.S.C. § 2680(a) which provides that the FTCA does not apply to any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." *See Guile v. United States*, _ F.3d _ , 2005 WL 1971267 at 6 (5th Cir. Aug. 17, 2005). The purpose of the discretionary function exception is to avoid judicial second-guessing of legislative and administrative decisions. *United States v. Gaubert*, 499 U.S. 315, 323 (1991). The applicability of the discretionary function exception involves a two-step analysis. First, the court must determine whether the challenged act involves an element of judgment or choice. *Gaubert*, 499 U.S. at 322. "To demonstrate that its conduct was discretionary, the government need only show that there was 'room for choice' in making the allegedly actionable decision or decisions." *Santana-Rosa v. United States*, 335 F.3d 39, 43 (5th Cir. 2003). A governmental action is not discretionary if a federal statute, regulation, or policy specifically

prescribes the course of action that the government employee must follow. *Id.*; *Berkovitz v. United States*, 486 U.S. 531, 536 (1988). Second, if the challenged conduct is found to be discretionary, the court must examine whether the judgment or decision is based on considerations of social, economic, or public policy. *Gaubert*, 499 U.S. at 325; *Santana-Rosa*, 335 F.3d at 43.

Under 18 U.S.C. § 4042(a), the Bureau of Prisons has a duty to provide for the safekeeping, care, and subsistence of all federal prisoners. However, the statute does not dictate the manner in which the duty must be fulfilled. *Santana-Rosa*, 335 F.3d at 44 (noting that Section 4042 does not mandate a specific course of conduct, but rather leaves the BOP ample room for judgment); *Cohen v. United States*, 151 F.3d 1338, 1342 (11th Cir. 1998), *cert. denied*, 526 U.S. 1130 (1999) (concluding that the BOP retains sufficient discretion in the means it may use to fulfill the duty to safeguard prisoners, such that the discretionary function exception is applicable). The decisions at issue in this case--specifically, the investigation or reported threats and the separation of inmates who potentially pose a threat to other inmates--are not dictated by statute, but are left to the discretion of prison officials. As the Supreme Court has instructed, prison officials "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22 (1986) (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).

With respect to the second-prong of the test, the court must conclude that the decisions are susceptible to policy-related analysis. *Santana-Rosa*, 335 F.3d at 43-44. There are several possible policy considerations that could have influenced decision-making, including budget concerns, the character of the inmate population, availability of appropriate facilities. *See Santana-Rosa*, 335 F.3d at 44 (identifying possible policy considerations involved in classification and protection decisions).

In this case, the actions of the BOP employees were discretionary functions. "Sovereign immunity implicates subject matter jurisdiction." *Id.*; *Broussard v. United States*, 989 F.2d 171, 176 (5th Cir. 1993). Because the government did not waive immunity with respect to discretionary functions, the court lacks subject matter jurisdiction. Therefore, the defendant is entitled to summary judgment.

Conclusion

Defendant's renewed motion for summary judgment should be granted. An order so providing will be entered by the undersigned. A final judgment shall be entered in accordance with this memorandum opinion.

**SIGNED** this 15 day of September, 2005.

EARL S. HINES
UNITED STATES MAGISTRATE JUDGE